HENRY McCAW ET AL. V. ELMER S. COX.

FILED APRIL 5, 1905. No. 13,763.

Lease: NEW TERM. An agreement between a landlord and his tenant from year to year by which the covenants of an existing lease are to some extent modified, but from which a complete contract of leasing cannot be inferred, and without a surrender or an agreement to surrender, the existing tenancy does not have that effect or create a new term.

ERROR to the district court for Pawnee county: JOHN S. STULL, JUDGE. *Affirmed.*

*Story & Story,* for plaintiffs in error.

*L. I. Noble* and *J. C. Dort, contra.*

AMES, C.

This is an action in forcible detainer to recover possession of a farm from a tenant alleged to be holding over after the expiration of his term. There was a judgment below for the defendant, and the plaintiffs prosecute error. There is no important dispute of facts. The defendant became a tenant of the grantor of the plaintiffs in 1893 under an oral contract for one year, the exact covenants of which are not disclosed by the evidence, and continued in possession thereunder by tacit agreement of the parties until after the premises were sold and conveyed to the plaintiffs in December, 1901. It is not disputed that the holding thus became converted into a tenancy from year to year, the annual period being on or about the first of March. The tenancy was continued under the purchasers, seemingly without objection, and without a new or definite agreement, during the season of 1902. Just what rentals the defendant had been accustomed to pay, whether in kind or in money or in both, we are not informed; but in the summer of 1902 a demand that rental for part of the land be paid in cash seems to have been complied with, and the plaintiffs complained that the premises had not been kept free from weeds and cultivated in a workmanlike manner, and demanded that the defendant enter into a formal written lease for the ensuing year, which he declined to do. In August, 1902, there was some talk between the defendant and an agent of the plaintiffs concerning the continued occupation of the premises by the former during the year 1903. Precisely what this conversation was the parties are not agreed, but it had to do with the cutting of weeds by the tenant, and the setting by him of

some fence posts, and the permission to him of the use of some crib room for corn, but both parties understood that it was agreed that the defendant was to remain in possession the ensuing year. The plaintiffs contend that the agreement amounted to an agreement for a new lease beginning on the first of the then following March, and that it was avoided by the statute of frauds, because not to be performed within one year from the date of the making thereof. The defendant, on the other hand, contends that such a lease was not avoided by the statute as it then existed, but that a lease for a term not exceeding a year was valid under the statute, although the term was to begin *in futuro*. This is the principal subject of controversy in the briefs and arguments, but we do not find its decision to be necessary, because we are convinced that the defendant is right in a preliminary contention that the above mentioned talk between the parties was not effectual to terminate the then existing tenancy from year to year. An intent so to do does not appear to have been definitely expressed, nor were all the terms of occupancy or the whole amount of rentals for the season of 1903 set forth or recapitulated in the conversation, so that from it alone it would be impossible to gather or infer a complete contract of leasing. The most that could be said is that the covenants of the existing lease, whatever they were, modified by the new stipulations, constituted the agreement of leasing for the ensuing year, but that is equivalent to saying that the existing tenancy, with some modifications as to cultivation and rentals, was extended or continued in being until March, 1904. There was no surrender or specific agreement to surrender or terminate the tenancy from year to year, and it was not and had not been terminated by notice or operation of law. If this conclusion is right, it disposes of the case, because counsel agree, as we understand them, and as the law undoubtedly is, that subsequent to this conversation, and before the beginning of this action, no steps were taken which were effectual to terminate a valid tenancy from year to year.

We recommend, therefore, that the judgment of the district court be affirmed.

. LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.